UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE TIVITY HEALTH, INC. STOCKHOLDER DERIVATIVE LITIGATION | Case No. 3:18-cv-00087 (Consolidated with No. 3:18-cv-00797) PLAINTIFFS' MOTION TO SEAL AND IMPOUND VERIFIED CONSOLIDATED AMENDED STOCKHOLDER DERIVATIVE COMPLAINT Chief Judge Crenshaw Magistrate Judge Alistair Newbern DEMAND FOR JURY TRIAL |
| This Document Relates To: All Actions | |

Pursuant to Section 5.07 of Administrative Order No. 167-1 (Administrative Practices and Procedures for Electronic Case Filing) and Local Rules 5.03 and 7.01, plaintiffs Charles Denham ("Plaintiff Denham") and Andrew Allen ("Plaintiff Allen," and with Plaintiff Denham, "Plaintiffs") respectfully move for leave to file under seal, and to have impounded, the unredacted Verified Consolidated Amended Stockholder Derivative Complaint ("Consolidated Complaint") in the above-referenced consolidated action. Plaintiffs have filed as the next docket entry (*under seal*) the unredacted, non-public version of the Consolidated Complaint.

In support of this motion, Plaintiffs state as follows:

1. On May 15, 2019, contemporaneous with this filing, Plaintiffs filed a Verified Consolidated Amended Stockholder Derivative Complaint, with certain information redacted ("Redacted Consolidated Complaint"), asserting claims on behalf of nominal defendant Tivity Health, Inc. ("Tivity" or the "Company") against certain directors and officers of Tivity. Tivity has its principal place of business in Franklin, Tennessee and is incorporated in Delaware.

2. On August 24, 2018, prior to consolidation of the cases, Plaintiff Allen filed a Verified Shareholder Derivative Complaint, with certain information redacted ("Allen Redacted Complaint"), asserting claims on behalf of nominal defendant Tivity against certain directors and officers of the Company.

3. Prior to filing the Allen Redacted Complaint, on April 24, 2018, counsel for Plaintiff Allen sent a books and records request to Tivity, pursuant to 8 Del. C. § 220, on behalf of Plaintiff Allen (the "Section 220 Demand"). The requests sought, among other things, confidential materials from Tivity's Board of Directors, such as board minutes and presentations.

4. Consistent with Delaware practice and applicable Delaware Chancery Court precedent, and after negotiations between Plaintiff Allen's counsel and Tivity's counsel, Tivity tentatively agreed to produce certain non-public, confidential information (the "Inspection Information") to Plaintiff Allen in response to his Section 220 Demand, subject to the negotiation of an appropriate confidentiality agreement restricting its use.

5. Plaintiff Allen and Tivity subsequently entered into a Confidentiality and Non-Disclosure Agreement, dated as of May 18, 2018 ("Allen Confidentiality Agreement"). Plaintiff Denham and Tivity entered into a substantially similar confidentiality agreement on July 3, 2018 ("Denham Confidentiality Agreement," and with the Allen Confidentiality Agreement, the "Confidentiality Agreements"). The Confidentiality Agreements include provisions to maintain the confidentiality of the Inspection Information in the event Plaintiffs choose to file any complaint using the Inspection Information. Specifically, ¶5 of the Confidentiality Agreements states:

> Any person receiving Confidential Information hereunder who wishes to file any such Confidential Information in a lawsuit or proceeding before any court shall, absent the consent of the Company, use best efforts to obtain permission from the court to file such Confidential Information (or any document containing the

contents of any such Confidential Information) under seal and shall serve the Company with a copy of any such request for filing under seal.

6. On August 27, 2018, Plaintiff Allen filed a Motion to Seal and impound the Allen Complaint. *Allen* Docket, ECF No. 2. Defendants filed a response in support on September 10, 2018. *Allen* Docket, ECF No. 9.

7. On September 12, 2018, the Court granted Plaintiff Allen's request. *Allen* Docket, ECF No. 13.

8. Plaintiffs have incorporated the same Inspection Information in the Consolidated Complaint that the Court previously granted to be sealed in the Allen action.

9. Plaintiffs afforded Tivity an opportunity to review the Consolidated Complaint in this action before it was filed. After this review, Tivity requested that before filing, Plaintiffs redact from the publicly available version of the Complaint certain Inspection Information referenced therein that Tivity believes constitutes its confidential business information and trade secrets (the "Confidential Information"), such that this Confidential Information not be revealed publicly. The redactions proposed by Tivity are reflected in the Redacted Consolidated Complaint that Plaintiffs have filed on the public docket contemporaneously with this motion.

10. Consistent with the above provision of the Confidentiality Agreements, Plaintiffs move to file the Confidential Information contained in the Consolidated Complaint under seal (and to have the unredacted Consolidated Complaint impounded).

11. Confidential information may be filed under seal if there is "good cause" to keep it confidential. *Proctor & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996). Federal courts have exercised their discretion to limit public access to material to prevent their records from becoming sources of business information that might harm a litigant's competitive standing. *See, e.g.*, *Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572,

577 (E.D. Va. 2009) (explaining that district courts may "refuse[ ] to permit their files to serve ... as sources of business information that might harm a litigant's competitive standing ....") (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *id.* at 581–82, 589–90 (discussing in detail *In re Iowa Freedom of Information Council*, 724 F.2d 658 (8th Cir. 1983)); *see also Woven Electronics Corp. v. Advance Grp., Inc.*, Nos. 89–1580, 89–1588, 1991 U.S. App. LEXIS 6004, at * 17 (4th Cir. Apr. 15, 1991) (citing multiple authorities and noting that courts "have specifically recognized an exception to the public's right of access when a case involves trade secrets"); Fed. R. Civ. P. 26(c)(1)(G) (providing that a court may enter a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way").

12. In the present case, good cause exists to seal the Confidential Information in the Consolidated Complaint because it concerns non-public information about Tivity's customers and confidential business strategy. In addition, good cause also exists to seal the Confidential Information concerning non-public information about Tivity's customers and confidential business strategy because it contains trade secret management information.

13. As reflected in the Redacted Consolidated Complaint, Tivity has identified Confidential Information for redaction in the following paragraphs of the Complaint: ¶¶3, 21, 23-32, 86-107, 124-26, 140-41.

14. Plaintiffs have conferred with counsel for Tivity and the other named Defendants in this action, who assent to the relief requested in this motion.

15. Tivity has also indicated that it intends to file a response and supporting affidavits in further support of Plaintiffs' Motion to Seal. Tivity's response will set forth the specific reasons why it believes each of the documents cited in and redacted from the Consolidated

Complaint contain confidential business information.  Plaintiffs are unaware of any party or non-party opposing this motion, and the Confidential Information at issue and described above does not involve an alleged or potential public hazard or risk to public safety.

WHEREFORE, Plaintiffs respectfully request that the Court enter an order, pursuant to Section 5.07 of Administrative Order No. 167-1 (Administrative Practices and Procedures for Electronic Case Filing) and Local Rules 5.03 and 7.01, granting them leave to file the unredacted Consolidated Complaint under seal and impounding the unredacted Consolidated Complaint and information described above until further order of this Court.

Dated: May 15, 2019

By:

Respectfully submitted,

*/s/ Ashley R. Rifkin*

BRIAN J. ROBBINS
KEVIN A. SEELY*
ASHLEY R. RIFKIN*
5040 Shoreham Place
San Diego, CA 92122
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
E-mail: brobbins@robbinsarroyo.com
        kseely@robbinsarroyo.com
        arifkin@robbinsarroyo.com

**ROBBINS ARROYO LLP**

GEOFFREY M. JOHNSON (Ohio Bar #0073084)*
12434 Cedar Road, Suite 12
Cleveland Heights, OH 44106
Telephone: (216) 229-6088

SCOTT JACOBSEN (New York Bar # 5344452)*
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: (212) 223-6444

**SCOTT+SCOTT
ATTORNEYS AT LAW LLP**

Co-Lead Counsel for Plaintiffs
*Admitted *pro hac vice*

WADE B. COWAN (#9403)
85 White Bridge Road, Suite 300
Nashville, TN 37205
Telephone: (615) 256-8125
Facsimile: (615) 242-7853
E-mail: wcowan@dhhrplc.com

**Of Counsel Davies, Humphreys & Reese PLC**

PEPPER LAW, PLC
J. Ross Pepper (BPR#14444)
Sara R. Ellis (BPR#30760)
201 Fourth Avenue North, Suite 1550
Nashville, TN 37219
Telephone: (615) 256-4838

Co-Liaison Counsel for Plaintiffs

# CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants if indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 15, 2019.

s/ *Ashley R. Rifkin*
ASHLEY R. RIFKIN (*admitted pro hac vice*)
Co-Lead Counsel for Plaintiffs

ROBBINS ARROYO LLP
5040 Shoreham Place
San Diego, CA 92122
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
E-mail: arifkin@robbinsarroyo.com

1356849

# Mailing Information for a Case 3:18-cv-00087 Denham v. Tramuto et al

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Lisa R. Bugni**
  lbugni@kslaw.com

- **Jessica Perry Corley**
  jpcorley@kslaw.com

- **Wade B. Cowan**
  wcowan@dhhrplc.com

- **Joseph B. Crace , Jr**
  jcrace@bassberry.com,llewis@bassberry.com

- **Wallace Wordsworth Dietz**
  wdietz@bassberry.com,lbilbrey@bassberry.com

- **Sara R. Ellis**
  sellis@millerlegalpartners.com

- **Scott Jacobsen**
  sjacobsen@scott-scott.com

- **Geoffrey M. Johnson**
  gjohnson@scott-scott.com

- **Steven M. McKany**
  smckany@robbinsarroyo.com,notice@robbinsarroyo.com

- **J. Ross Pepper , Jr**
  rpepper@pepperlawplc.com,pchinnery@pepperlawplc.com,mpulle@pepperlawplc.com,lford@pepperlawplc.com,sellis@pepperlawplc.com,kbryant@pepperlawplc.co

- **Ashley R. Rifkin**
  arifkin@robbinsarroyo.com,rsalazar@robbinsarroyo.com,notice@robbinsarroyo.com

- **Brian J. Robbins**
  notice@robbinsarroyo.com

- **Kevin A. Seely**
  kseely@robbinsarroyo.com,notice@robbinsarroyo.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`