UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE TIVITY HEALTH, INC. STOCKHOLDER DERIVATIVE LITIGATION | Case No. 3:18-cv-00087 |
| | (Consolidated with No. 3:18-cv-00797) |
| This Document Relates To: | STIPULATION OF SETTLEMENT |
| All Actions | Chief Judge Crenshaw |

This Stipulation of Settlement, dated October 9, 2020 (the "Stipulation"), is made and entered into by and among the following Settling Parties, by and through their respective counsel of record: (i) plaintiff Andrew H. Allen ("Plaintiff"), individually and derivatively on behalf of nominal defendant Tivity Health, Inc. ("Tivity" or the "Company"); (ii) Donato Tramuto ("Tramuto"), Adam Holland ("Holland"), Glenn Hargreaves ("Hargreaves"), Kevin G. Wills, Bradley S. Karro, Paul H. Keckley, Conan J. Laughlin ("Laughlin"), Robert Greczyn, Lee A. Shapiro, Archelle Georgiou, Peter Hudson, and Mary Jane England (collectively, the "Individual Defendants"); and (iii) nominal defendant Tivity (Tivity and the Individual Defendants shall collectively be referred to as "Defendants"). This Stipulation is intended by the Settling Parties[1] to fully, finally, and forever resolve, discharge, and settle the Released Claims, subject to the terms and conditions set forth herein.

---

[1] All capitalized terms not otherwise defined are defined in section V.1.

- 1 -

# I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a current stockholder of Tivity, who filed a derivative action alleging that the Individual Defendants violated federal securities laws and breached their fiduciary duties by knowingly causing or allowing the Company to make false and misleading statements.[2]

Through its three programs, Tivity is focused on advancing long-lasting health and vitality, especially in aging populations.  Tivity's primary program is SilverSneakers® senior fitness ("SilverSneakers").  UnitedHealthcare, Inc. ("UHC") was one of Tivity's largest customers. Plaintiff alleges that on November 6, 2017, UHC issued a series of press releases which disclosed that UHC had expanded its own Optum Fitness program into 11 states.  Plaintiff alleges that UHC's Optum Fitness was in direct competition with Tivity's SilverSneakers program, and that the Individual Defendants had nevertheless caused or allowed Tivity to make false and misleading public statements that, among other things, failed to disclose the increased competition posed to Tivity's top revenue producing service, SilverSneakers, from its client, UHC.  Doc. No. 35 at ¶7. Plaintiff further alleges that prior to UHC's announcement, defendants Hargreaves and Laughlin sold certain of their Company stock holdings while in possession of allegedly material, adverse, and nonpublic information.  *Id.* at ¶8.  Defendants deny all of Plaintiff's allegations and any alleged wrongdoing.

## A.    Proceedings in the Related Federal Securities Action

On November 20, 2017, alleged stockholders filed a putative securities class action against Tivity and defendants Tramuto, Hargreaves, and Holland, which action is styled *Weiner v. Tivity*

---

[2] On September 14, 2020, an unopposed request to withdraw as a plaintiff was filed by Charles Denham ("Denham"), one of the two named plaintiffs in this consolidated derivative action.  *See* Doc. No. 71.

*Health, Inc.*, No. 3:17-cv-01469 (M.D. Tenn.) (the "Securities Action"). On March 18, 2019, this Court denied the defendants' motion to dismiss the Securities Action, and thereafter denied the defendants' motion for reconsideration. On January 29, 2020, the Court granted the plaintiffs' motion to certify the class. On July 23, 2020, the United States Court of Appeals for the Sixth Circuit (the "Sixth Circuit") denied the defendants' petition for permission to appeal the Court's class certification decision.

Motions for summary judgment in the Securities Action are due December 11, 2020, with trial scheduled for May 18, 2021.

### B. Proceedings in this Derivative Action

Denham filed his stockholder derivative complaint in this Court on January 26, 2018. Denham's case was stayed on February 22, 2018, pending the outcome of the motion to dismiss in the Securities Action.

Prior to filing the complaint in his action, by letter dated April 24, 2018, Plaintiff made a demand on the Company pursuant to 8 *Del. C.* §220 to inspect certain of the Company's books and records (the "Demand"). Pursuant to that Demand, the Company produced twenty-two documents (comprising 186 pages), which consisted of, among other things, meeting minutes of the Board of Directors ("Board") and Strategic Review Committee; presentations to the Board, the Strategic Review Committee, and the Audit Committee; and Business Updates to the Board. On August 24, 2018, after reviewing these books and records, Plaintiff filed his stockholder derivative complaint in this Court. The Court consolidated Plaintiff's action with Denham's action on October 15, 2018, under Master Docket No. 3:18-cv-00087.

Following the Court's order denying the motion to dismiss the Securities Action, the stay in this Action was lifted. On May 15, 2019, Plaintiff filed a consolidated amended stockholder derivative complaint.

On June 14, 2019, Defendants moved to dismiss the complaint. The Court granted the Defendants' motion to dismiss on October 21, 2019, finding that Plaintiff failed to allege particularized facts creating a reason to doubt that a majority of Tivity's Board would have been independent and disinterested when considering a demand to pursue litigation. The Court's dismissal was with prejudice. Plaintiff filed an appeal with the Sixth Circuit on November 21, 2019.

### C.    Settlement Efforts

On May 21, 2019, shortly after Plaintiff filed a consolidated amended complaint, Plaintiff sent Defendants a settlement demand. On December 17, 2019, the Parties attended a mandatory mediation teleconference with the Sixth Circuit Mediator, Rod M. McFaull. At the conclusion of the mediation teleconference, Defendants agreed to respond to Plaintiff's settlement demand from May 2019. Between January 6, 2020, and April 10, 2020, the parties engaged in numerous written and telephonic arms'-length discussions regarding the corporate governance reforms that Tivity would agree to implement as part of the Settlement. After agreeing on the corporate governance reforms, which are attached hereto as Exhibits 1-2 (the "Reforms"), the parties executed a Memorandum of Understanding ("MOU") on April 10, 2020.

Only after executing the MOU, which set forth the substantive terms of the Settlement, did the parties begin discussing the amount of attorneys' fee and expenses to be paid to Plaintiff's Counsel in recognition of the benefits conferred. On August 3, 2020, the parties attended

mediation before Michelle Yoshida to negotiate an agreed-to amount of attorneys' fees and expenses to be paid to Plaintiff's Counsel, but the parties reached an impasse.

## II.      PLAINTIFF'S CLAIMS AND THE BENEFITS OF SETTLEMENT

Plaintiff believes that the Action has substantial merit, and Plaintiff's entry into this Stipulation and Settlement is not intended to be and shall not be construed as an admission or concession concerning the relative strength or merit of the claims alleged in the Action. However, Plaintiff and Plaintiff's Counsel recognize and acknowledge the significant risk, expense, and length of continued proceedings necessary to prosecute the Action against the Individual Defendants through the current appeal, further dispositive motions, trial and potential additional appeals. Plaintiff's Counsel also have taken into account the uncertain outcome and risk of any litigation, especially in complex cases such as the Action, as well as the difficulties and delays inherent in such litigation. Plaintiff's Counsel are also mindful of the inherent problems of establishing standing in derivative litigation, and the possible defenses to the claims alleged in the Action.

Plaintiff's Counsel believe they have conducted extensive investigation and analysis, including, *inter alia*: (i) reviewing and analyzing the Board-level documents produced in response to the Section 220 Inspection Demand; (ii) reviewing Tivity's press releases, public statements, U.S. Securities and Exchange Commission ("SEC") filings, and securities analysts' reports and advisories about the Company; (iii) reviewing related media reports about the Company; (iv) researching applicable law with respect to the claims alleged in the Action and potential defenses thereto; (v) preparing and filing derivative complaints; (vi) conducting damages analyses; (vii) evaluating the merits of, and the defendants' potential liability in connection with the Securities Action; and (vii) negotiating this Settlement with Defendants, including analyzing the Company's

- 5 -

current internal controls, researching corporate governance best practices, and negotiating the Reforms.

Based on Plaintiff's Counsel's asserted thorough review and analysis of the relevant facts, allegations, defenses, and controlling legal principles, Plaintiff's Counsel believes that the Settlement set forth in this Stipulation is fair, reasonable, and adequate, and confers substantial benefits upon Tivity. Based upon Plaintiff's Counsel's evaluation, Plaintiff has determined that the Settlement is in the best interests of Tivity and has agreed to settle the Action upon the terms and subject to the conditions set forth herein.

## III.  DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

The Court entered an Order determining that the complaint failed to allege an actionable claim against the Individual Defendants. Defendants have also denied and continue to deny each and all of the claims and contentions alleged by Plaintiff in the Action. The Individual Defendants have expressly denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged in the Action.

Nonetheless, Defendants have concluded that it is desirable for the Action to be fully and finally settled in the matter and upon the terms and conditions set forth in this Stipulation. Defendants have also taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like the Action. Defendants have, therefore, determined that it is in the best interests of Tivity for the Action to be settled in the manner and upon the terms and conditions set forth in this Stipulation.

Neither this Stipulation, nor any of its terms or provisions, nor entry of the Judgment, nor any document or exhibit referred or attached to this Stipulation, nor any action taken to carry out

- 6 -

this Stipulation, is, may be construed as, or may be used as evidence of the validity of any of the Released Claims or an admission by or against the Individual Defendants of any fault, wrongdoing, or concession of liability whatsoever.

## IV.    INDEPENDENT DIRECTOR APPROVAL

The Board, including each of its independent, non-Individual Defendant directors, acting by unanimous resolution, have determined that the Settlement confers substantial benefits on Tivity and its stockholders, and is, in all respects, fair, reasonable, and in the best interests of the Company and its stockholders.

## V.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the undersigned counsel for the Settling Parties herein, in consideration of the benefits flowing to the parties from the Settlement, and subject to the approval of the Court, that the claims asserted in the Action and the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice and with full preclusive effect as to all Settling Parties, upon and subject to the terms and conditions of this Stipulation, as set forth below.

### 1.    Definitions

As used in this Stipulation, the following terms have the meanings specified below:

1.1    "Action" means the consolidated derivative action styled as *In Re Tivity Health, Inc. Stockholder Derivative Litigation*, Case No. 3:18-cv-00087.

1.2    "Court" means United States District Court for the Middle District of Tennessee, Nashville Division.

1.3    "Current Tivity Stockholders" means any Person who owned Tivity common stock as of the date of the execution of this Stipulation and continues to hold their Tivity common stock

as of the date of Settlement Hearing, excluding the Individual Defendants, the officers and directors of Tivity, members of their immediate families, and their legal representatives, heirs, successors, or assigns, and any entity in which the Individual Defendants have or had a controlling interest.

1.4     "Defendants" means, collectively, nominal defendant Tivity and the Individual Defendants.

1.5     "Defendants' Counsel" means King & Spalding LLP and Bass, Berry & Sims PLC.

1.6     "Effective Date" means the date by which the events and conditions specified in paragraph 6.1 of this Stipulation have been met and have occurred.

1.7     "Final" means the date upon which the last of the following shall occur with respect to the Judgment approving this Stipulation, substantially in the form of Exhibit 6 attached hereto: (1) the expiration of the time to file a notice of appeal from the Judgment; or (2) if an appeal has been filed, the court of appeals has either affirmed the Judgment or dismissed that appeal and the time for any reconsideration or further appellate review has passed; or (3) if a higher court has granted further appellate review, that court has either affirmed the underlying Judgment or affirmed the court of appeal's decision affirming the Judgment or dismissing the appeal.  For purposes of this paragraph, an "appeal" shall not include any appeal that concerns only the issue of attorneys' fees and expenses or the payment of a service award.  Any proceeding or order, or any appeal or petition for a writ of certiorari pertaining solely to the application for attorneys' fees, costs, or expenses, shall not in any way delay or preclude the Judgment from becoming Final.

1.8     "Individual Defendants" means Donato J. Tramuto, Adam Holland, Glenn Hargreaves, Kevin Wills, Bradley Karro, Paul Keckley, Robert Greczyn, Lee Shapiro, Archelle Georgiou, Peter Hudson, Mary Jane England, and Conan J. Laughlin.

- 8 -

1.9 "Judgment" means the Order and Final Judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit 6.

1.10 "Notice" means the Notice of Pendency and Proposed Settlement of Stockholder Derivative Action, Settlement Hearing, and Right to Appear, substantially in the form attached hereto as Exhibit 4.

1.11 "Person" means an individual, corporation, limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.12 "Plaintiff" means Andrew Allen.

1.13 "Plaintiff's Counsel" means Robbins LLP and Scott+Scott Attorneys at Law LLP.

1.14 "Tivity" or the "Company" means nominal defendant Tivity, a Delaware corporation, and its affiliates, subsidiaries, predecessors, successors, and assigns.

1.15 "Related Persons" means: (i) with regard to each Individual Defendant, the Individual Defendants' spouses, marital communities, immediate family members, heirs, executors, personal representatives, estates, administrators, trusts, predecessors, successors, and assigns or other individual or entity in which any Individual Defendant has a controlling interest, and each and all of their respective past and present officers, directors, employees, agents, affiliates, parents, subsidiaries, divisions, attorneys, accountants, auditors, advisors, insurers, co-insurers, re-insurers, heirs, executors, personal representatives, estates, administrators, trusts, predecessors, successors, and assigns; and (ii) with regard to Tivity, all past or present agents, officers, directors, attorneys, accountants, auditors, advisors, insurers, co-insurers, reinsurers,

- 9 -

partners, controlling shareholders, joint venturers, related or affiliated entities, advisors, employees, affiliates, predecessors, successors, parents, subsidiaries, insurers, and assigns for Tivity.

1.16    "Released Claims" means all Released Plaintiff's Claims and all Released Defendants' Claims.

1.17    "Released Plaintiff's Claims" means any and all actions, suits, claims, debts, rights, liabilities, and causes of action of every nature, including both known and Unknown Claims (as defined in paragraph 1.26 below), existing directly or derivatively on behalf of Tivity, by Plaintiff or any other stockholder of Tivity that arise out of or relate to: (i) the allegations asserted in the Action; or (ii) the Settlement, except for any claims to enforce the Settlement. Excluded from the term "Released Claims" are all claims alleged in the Securities Action.

1.18    "Released Defendants' Claims" means any and all actions, suits, claims, debts, rights, liabilities, and causes of action of every nature, including both known and Unknown Claims (as defined in paragraph 1.26 below), against Plaintiff or his beneficiaries, Plaintiff's Counsel, or Tivity that arise out of or relate in any way to the institution, prosecution, or settlement of the Action (except for claims to enforce the terms of the Settlement).

1.19    "Released Persons" means collectively, Tivity, the Individual Defendants, and their Related Persons. "Released Person" means, individually, any of the Released Persons.

1.20    "Releasing Parties" means Plaintiff, all other Current Tivity Stockholders, Plaintiff's Counsel, and Tivity. "Releasing Party" means, individually, any of the Releasing Parties.

1.21    "Securities Action" means the securities class action, titled *Weiner v. Tivity Health, Inc.*, No. 3:17-cv-01469 (M.D. Tenn.).

1.22 "Settlement" means the settlement and compromise of the Action as provided for herein.

1.23 "Settlement Hearing" means the hearing or hearings at which the Court will review the adequacy, fairness, and reasonableness of the Settlement.

1.24 "Settling Parties" means, collectively, Plaintiff and Defendants. "Settling Party" means, individually, any of the Settling Parties.

1.25 "Summary Notice" means the Summary Notice of Pendency and Proposed Settlement of Stockholder Derivative Action, substantially in the form attached hereto as Exhibit 5.

1.26 "Unknown Claims" means any Released Claims which any Plaintiff, Tivity, Tivity stockholder, Defendant, or Released Person does not know or suspect to exist in his, her or its favor, or in favor of Tivity derivatively, at the time of the release of such claims. With respect to any and all Released Claims, the Settling Parties agree that, upon the Effective Date, the Settling Parties expressly waive, and Tivity's stockholders and the Released Persons shall be deemed to have waived, and by operation of the Judgment, shall have expressly waived, any and all provisions rights and benefits conferred by or under California Civil Code section 1542, or any other law of the United States or any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

The Settling Parties acknowledge that they may hereafter discover facts in addition to or different from those now known or believed to be true by them, with respect to the subject matter of the

- 11 -

Released Claims, but it is the intention of the Settling Parties to completely, fully, finally, and forever compromise, settle, release, discharge, and extinguish any and all Released Claims, known or unknown, suspect or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which do now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery of additional or different facts. The Settling Parties acknowledge that the foregoing waiver was separately bargained for and is a key element of this Stipulation of which this release is a part.

## 2. Terms of the Settlement

2.1     As a result of the filing, prosecution, and settlement of the Action, Tivity shall, within ninety (90) days after final approval of the Settlement, adopt resolutions and amend appropriate committee charters to ensure adherence to the Reforms for a period of no less than three (3) years from the date that the Court enters final approval of the Settlement. Tivity acknowledges and agrees that the Reforms confer a substantial benefit upon Tivity and its stockholders. Tivity also acknowledges that the prosecution and settlement of the Action was the sole factor in Tivity's decision to implement the Reforms.

## 3. Approval and Notice

3.1     Promptly after execution of this Stipulation, the Settling Parties shall submit this Stipulation together with its exhibits to the Court and shall apply for entry of an order (the "Preliminary Approval Order"), substantially in the form of Exhibit 3 attached hereto, requesting: (i) preliminary approval of the Settlement set forth in this Stipulation; (ii) approval of the form and manner of providing notice of the Settlement to Current Tivity Stockholders; and (iii) a date for the Settlement Hearing.

3.2     Notice to Current Tivity Stockholders shall consist of a Notice of Pendency and Proposed Settlement of Stockholder Derivative Action, Settlement Hearing, and Right to Appear ("Notice"), which includes the general terms of the Settlement set forth in this Stipulation and the date of the Settlement Hearing, substantially in the form attached hereto as Exhibit 4, as well as a Summary Notice of Pendency and Proposed Settlement of Stockholder Derivative Action, Settlement Hearing, and Right to Appear ("Summary Notice"), substantially in the form attached hereto as Exhibit 5.

3.3     Tivity shall undertake the administrative responsibility for giving notice to Current Tivity Stockholders and shall be solely responsible for paying the costs and expenses related to providing such notice to its shareholders.  Within fifteen (15) business days after the entry of the Preliminary Approval Order, Tivity shall cause the Stipulation and Notice to be filed with the SEC along with an SEC Form 8-K or other appropriate filing, and Tivity shall publish the Summary Notice one time in *Investors' Business Daily*.  The Form 8-K with attachments shall be posted on Tivity's website until the Judgment becomes final.  If additional notice is required by the Court, then the cost and administration of such additional notice will be borne by Tivity.  The Settling Parties believe the content and manner of the notice, as set forth in this paragraph, constitutes adequate and reasonable notice to Current Tivity Stockholders pursuant to applicable law and due process.  Prior to the Settlement Hearing, Defendants' Counsel shall file with the Court an appropriate affidavit or declaration with respect to filing and posting the Notice and Summary Notice.

3.4     Pending the Court's determination as to final approval of the Settlement, Plaintiff and Current Tivity Stockholders are barred and enjoined from commencing, prosecuting,

instigating, or in any way participating in the commencement or prosecution of any action asserting any Released Claim against any of the Released Persons.

### 4.      Attorneys' Fees and Reimbursement of Expenses

4.1      The Parties agree that Plaintiff may make a motion to the Court seeking an award of attorneys' fees and expenses for the substantial benefit conferred upon Tivity in connection with the prosecution and settlement of the Action.  Tivity and the Individual Defendants reserve the right to oppose any such motion.

4.2      The award of attorneys' fees and expenses approved by the Court ("the Fee and Expense Amount") shall be funded to Plaintiff's Counsel within thirty (30) days of the later of entry of an order determining the Fee and Expense Amount or provision by Plaintiff's Counsel of all required funding information and tax identification numbers, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the settlement or any part thereof.  The Fee and Expense Amount shall be wired or paid by check to Robbins LLP and Scott+Scott, in amounts designated by them in writing.  If the Effective Date set forth in paragraph 6.1 occurs before the Fee and Expense Amount is paid, Plaintiff's Counsel shall still be permitted to pursue collection of the Fee and Expense Amount despite the releases given herein.

4.3      Defendants shall have no responsibility for, and no liability with respect to, the allocation of the attorneys' fees awarded among Plaintiff's Counsel and/or to any other person who may assert some claim thereto, except as otherwise agreed to in writing.  Any dispute regarding any allocation of fees or expenses among Plaintiff's Counsel shall have no effect on the Settlement.

4.4      Plaintiff's Counsel may apply to the Court for a service award of $2,500 for Plaintiff in recognition of Plaintiff's participation and effort in the prosecution and Settlement of the Action,

- 14 -

including the substantial benefit they helped achieve on behalf of Tivity. Any service awards approved by the Court are to be paid out of Plaintiff's Counsel's Fee and Expense Amount. The failure of the Court to approve any requested service award, in whole or in part, shall have no effect on the Settlement set forth in this Stipulation. Neither Tivity nor any of the Individual Defendants shall be liable for any portion of any service award.

4.5     In the event that the Judgment fails to become Final as defined in paragraph 1.7 herein, then it shall be the obligation of Plaintiff's Counsel to make appropriate refunds or repayments to the Defendants' insurers of any attorneys' fees and expenses previously paid within thirty (30) days from receiving notice from Defendants' Counsel or from a court of appropriate jurisdiction.

**5.     Releases**

5.1     <u>Plaintiff's Release</u>. Pursuant to the Judgment, without further action by anyone, upon the Effective Date of the Settlement, Plaintiff (individually and derivatively on behalf of Tivity), Tivity (on behalf of itself and each of its Related Persons), and each of Tivity's stockholders, and their Related Persons, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiff's Claim against the Released Persons, and shall forever be permanently barred and enjoined from the institution, maintenance, prosecution, or enforcement of any or all of the Released Plaintiff's Claims against any of the Released Persons. This release is a material term to this Stipulation, and if the Court modifies the release in a material way that allows derivative claims on behalf of Tivity that arise out of or relate to the allegations asserted in the Action to proceed, then the Settlement shall be terminable by Tivity in its sole discretion.

5.2    <u>Defendants' Release</u>.  Pursuant to the Judgment, without further action by anyone, upon the Effective Date of the Settlement, the Released Persons shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Plaintiff, Plaintiff's Counsel, and Tivity, and shall forever be permanently barred and enjoined from the institution, maintenance, prosecution, or enforcement of any or all of the Released Defendants' Claims against any of the Plaintiff, Plaintiff's Counsel, or Tivity.

5.3    Notwithstanding Paragraphs 5.1 and 5.2 above, nothing in the Judgment shall bar any action by any of the Settling Parties to enforce or effectuate the terms of this Stipulation or the Judgment.

**6.    Conditions of Settlement; Effect of Disapproval, Cancellation, or Termination**

6.1    The Effective Date of this Stipulation shall be conditioned on the occurrence of all of the following events:

a.    Board approval of the Settlement, which Tivity's Counsel represents has already been accomplished;

b.    Court approval of the Settlement and approval of the content and method of providing Notice of the proposed Settlement to Current Tivity Stockholders, and the subsequent dissemination of the Notice to Current Tivity Stockholders;

c.    Court entry of the Judgment, in all material respects in the form set forth as Exhibit 6 annexed hereto, approving the Settlement and dismissing the Action with prejudice, without awarding costs to any party, except as provided herein; and

d.    the passing of the date upon which the Judgment becomes Final.

6.2     If any of the conditions specified above in paragraph 6.1 are not met, then this Stipulation shall be canceled and terminated subject to paragraph 6.3, unless counsel for the Settling Parties mutually agree in writing to proceed with this Stipulation.

6.3     If for any reason the Effective Date of this Stipulation does not occur, or if this Stipulation is in any way cancelled, terminated or fails to become Final in accordance with its terms: (a) all Settling Parties and Released Persons shall be restored to their respective positions in the Action as of October 9, 2020; (b) all releases delivered in connection with this Stipulation shall be null and void, except as otherwise provided for in this Stipulation; (c) the Fee and Expense Amount paid to Plaintiff's Counsel shall be refunded and returned within thirty (30) calendar days; and (d) all negotiations, proceedings, documents prepared, and statements made in connection herewith shall be without prejudice to the Settling Parties, shall not be deemed or construed to be an admission by a Settling Party of any act, matter, or proposition, and shall not be used in any manner for any purpose in any subsequent proceeding in the Action or in any other action or proceeding.  In such event, the terms and provisions of this Stipulation shall have no further force and effect with respect to the Settling Parties and shall not be used in the Action or in any other proceeding for any purpose.

**7.     Bankruptcy**

7.1     In the event that any proceedings by or on behalf of Tivity, whether voluntary or involuntary, are initiated under any chapter of the United States Bankruptcy Code ("Bankruptcy Proceedings"), Plaintiff may seek orders, consents, releases, and approvals for the effectuation of the Stipulation and Court approval of the Settlement in a timely and expeditious manner, and he

- 17 -

may seek orders from the court presiding over any Bankruptcy Proceeding in support of the Settlement and payment of the Fee and Expense Amount or any incentive award for the Plaintiff.

### 8. Miscellaneous Provisions

8.1     The Settling Parties: (a) acknowledge that it is their intent to consummate this Stipulation; and (b) agree to act in good faith and cooperate to take all reasonable and necessary steps to expeditiously implement the terms and conditions of this Stipulation.

8.2     In the event that any part of the Settlement is found to be unlawful, void, unconscionable, or against public policy by a court of competent jurisdiction, the remaining terms and conditions of the Settlement shall remain intact.

8.3     The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Action.  The Settlement comprises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim, allegation, or defense.  The Settling Parties and their respective counsel agree that at all times during the course of the litigation, each has complied with the requirements of the applicable laws and rules of the Court, including, without limitation, Rule 11 of the Federal Rules of Civil Procedure, and all other similar laws and/or rules governing professional conduct.

8.4     Each of the Defendants expressly denies and continues to deny all allegations of wrongdoing or liability arising out of any conduct, statements, acts, or omissions alleged, or which could have been alleged, in the Action.  The existence of the provisions contained in this Stipulation shall not be deemed to prejudice in any way the respective positions of the Settling Parties with respect to the Action, shall not be deemed a presumption, a concession, or admission by any of the Settling Parties of any fault, liability, or wrongdoing as to any facts, claims, or defenses that have been or might have been alleged or asserted in the Action or with respect to any

- 18 -

of the claims settled in the Action, or any other action or proceeding, and shall not be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any person in the Action, or in any other action or proceeding, except for any litigation or judicial proceeding arising out of or relating to this Stipulation or the Settlement whether civil, criminal, or administrative, for any purpose other than as provided expressly herein.

8.5    This Stipulation may be modified or amended only by a writing signed by the signatories hereto.

8.6    This Stipulation shall be deemed drafted equally by all Settling Parties.

8.7    No representations, warranties, or inducements have been made to any of the Settling Parties concerning this Stipulation or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

8.8    Each counsel or other Person executing this Stipulation or its exhibits on behalf of any of the Settling Parties hereby warrants that such Person has the full authority to do so.

8.9    The exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

8.10    This Stipulation and the exhibits attached hereto constitute the entire agreement among the Settling Parties with respect to the subject matter hereof and supersede all prior and contemporaneous oral and written agreements and discussions.

8.11    In the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit hereto, the terms of this Stipulation shall prevail.

8.12    This Stipulation may be executed in one or more counterparts, including by signature transmitted by facsimile or e-mailed PDF files.  Each counterpart, when so executed,

shall be deemed to be an original, and all such counterparts together shall constitute the same instrument.

8.13 If there is any dispute arising out of or relating to the Settlement, the Settling Parties will first seek to reach a resolution through mediation with Michelle Yoshida, Esq. If unsuccessful, then the Settling Parties shall have the option to submit the dispute to Ms. Yoshida for final, binding, non-appealable resolution. If any Settling Party chooses, then the dispute shall be submitted to the Court for resolution.

8.14 The Court shall retain jurisdiction to implement and enforce the terms of the Stipulation and the Court's Judgment and to consider any matters or disputes arising out of or relating to the Settlement, and the Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation and Judgment, and for matters or disputes arising out of or relating to the Settlement.

IN WITNESS WHEREOF, the Settling Parties have caused this Stipulation to be executed by their duly authorized attorneys.

Dated: October 9, 2020

Respectfully submitted,

BRIAN J. ROBBINS
KEVIN A. SEELY*
ASHLEY R. RIFKIN*
STEVEN M. MCKANY*
5040 Shoreham Place
San Diego, CA 92122
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
E-mail: brobbins@robbinsllp.com
kseely@robbinsllp.com
arifkin@robbinsllp.com
smckany@robbinsllp.com

ROBBINS LLP

GEOFFREY M. JOHNSON (Ohio Bar #0073084)*

- 20 -

12434 Cedar Road, Suite 12
Cleveland Heights, OH 44106
Telephone: (216) 229-6088

SCOTT JACOBSEN (New York Bar #
  5344452)*
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: (212) 223-6444

**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**

Co-Lead Counsel for Plaintiff
*Admitted *pro hac vice*

_____

JESSICA CORLEY
BRANDON KEEL
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Tel: (404) 572-4600
jpcorley@kslaw.com
bkeel@kslaw.com

LISA BUGNI
101 Second Street, Suite 1000
San Francisco, CA 94105
Tel: (415) 318-1234
lbugni@kslaw.com

**KING & SPALDING LLP**

Wallace W. Dietz (BPR #009949)
Joseph B. Crace, Jr. (BPR # 027753)
BASS, BERRY & SIMS PLC
150 Third Avenue, South, Suite 2800
Nashville, TN 37201
Tel: (615) 742-6200
wdietz@bassberry.com
jcrace@bassberry.com

*Attorneys for Defendants*

- 21 -

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused such filing to be sent by electronic mail to the non-CM/ECF participants indicated on the attached Manual Notice List (to sjacobsen@scott-scott.com).

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 9, 2020.

s/ Kevin A. Seely
Kevin A. Seely
ROBBINS LLP
5040 Shoreham Place
San Diego, CA 92122
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
E-mail: kseely@robbinsllp.com

# Mailing Information for a Case 3:18-cv-00087 Denham v. Tramuto et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Lisa R. Bugni**
  lbugni@kslaw.com

- **Jessica Perry Corley**
  jpcorley@kslaw.com

- **Wade B. Cowan**
  wcowan@dhhrplc.com

- **Joseph B. Crace , Jr**
  jcrace@bassberry.com,llewis@bassberry.com

- **Wallace Wordsworth Dietz**
  wdietz@bassberry.com,lbilbrey@bassberry.com

- **Sara R. Ellis**
  sellis@millerlegalpartners.com

- **Geoffrey M. Johnson**
  gjohnson@scott-scott.com

- **Brandon R. Keel**
  bkeel@kslaw.com

- **Steven M. McKany**
  smckany@robbinsllp.com,notice@robbinsllp.com

- **J. Ross Pepper , Jr**
  rpepper@pepperlawplc.com,mpulle@pepperlawplc.com,lford@pepperlawplc.com,cjoyce@pepperlawplc.com,balexander@pepperlawplc.com

- **Ashley R. Rifkin**
  arifkin@robbinsllp.com,notice@robbinsllp.com,rsalazar@robbinsllp.com

- **Brian J. Robbins**
  notice@robbinsllp.com

- **Kevin A. Seely**
  kseely@robbinsllp.com,notice@robbinsllp.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Scott          Jacobsen
Scott + Scott, LLP (NY Office)
230 Park Avenue
17th Floor
New York, NY 10169
```