UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: TIVITY HEALTH, INC. STOCKHOLDER DERIVATIVE LITIGATION, | ) ) ) ) | NO. 3:18-cv-00087 |

# ORDER

Plaintiff Andrew H. Allen ("Plaintiff") has filed an Unopposed Motion for Final Approval of Stockholder Derivative Settlement (Doc. No. 79) and Application for an Award of Attorneys' Fees, Reimbursement of Expenses and Incentive Award (Doc. No. 80) seeking approval of the proposed settlement in the Stipulation of Settlement ("Stipulation") dated October 9, 2020 (Doc. No. 73). The Court has reviewed and considered the record and presentation at the hearing on February 19, 2021. For the reasons, stated on the record, the Court rules as follows:

1. This Court has jurisdiction that is not disputed.

2. This Order incorporates by reference the definitions in the Stipulation, and the terms used herein shall have the same meanings as in the Stipulation.

3. The Court finds that the Notice provided to Tivity Health, Inc. ("Tivity") stockholders constituted the best notice practicable under the circumstances. The Notice fully satisfied the requirements of Rule 23.1 of the Federal Rules of Civil Procedure and the requirements of due process.

4. The Court finds that that the Stipulation is fair, reasonable, adequate, and in the best interest of Tivity and its stockholders.

5. All claims in this case are dismissed with prejudice.

1

6. Upon the Effective Date in the Stipulation, Plaintiff (individually and derivatively on behalf of Tivity), Tivity (on behalf of itself and each of its Related Persons), and each of Tivity's stockholders, and their Related Persons, shall be deemed to have, and by operation of law and of this Order shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiff's Claim against the Released Persons, and shall forever be permanently barred and enjoined from the institution, maintenance, prosecution, or enforcement of any or all of the Released Plaintiff's Claims against any of the Released Persons.

7. Upon the Effective Date in the Stipulation, the Released Persons shall be deemed to have, and by operation of law and of this Order shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Andrew H. Allen, his counsel of record, and Tivity, and shall forever be permanently barred and enjoined from the institution, maintenance, prosecution, or enforcement of any or all of the Released Defendants' Claims against Andrew H. Allen, his counsel of record, or Tivity.

8. The Court **RESERVES** decision on Plaintiff's application for fees, expenses and service award as explained at the hearing on February 19, 2021.

9. Without affecting the finality of this Order, this Court retains continuing jurisdiction with respect to implementation and enforcement of the terms of the Stipulation. If for any reason the Effective Date does not occur, or if the Stipulation is in any way canceled, terminated, or fails to become Final in accordance with its terms, then: (a) all Settling Parties and Released Persons shall be restored to their respective positions in the Action as of October 9, 2020; (b) all releases delivered in connection with the Stipulation shall be null and void; (c) the Fee and

2

Case 3:18-cv-00087   Document 97   Filed 02/19/21   Page 2 of 3 PageID #: 1452

Expense Amount, if any, paid to Andrew H. Allen's counsel of record, shall be refunded and returned within thirty (30) calendar days; and (d) all negotiations, proceedings, documents prepared, and statements made in connection herewith shall be without prejudice to the Settling Parties, shall not be deemed or construed to be an admission by a Settling Party of any act, matter, or proposition, and shall not be used in any manner for any purpose in any subsequent proceeding in the Action, or in any other action or proceeding. In such event, the terms and provisions of the Stipulation shall have no further force and effect with respect to the Settling Parties.

10. This Order is a final judgment. The Clerk shall enter this Order in accordance with Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE